UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ALDO RIGOBERTO GUERRA-GUEVARA          DOCKET NO. 2:25-cv-2077
      REG. # 92467-479                               SECTION P

VERSUS                                                          JUDGE JAMES D. CAIN, JR.

WARDEN FCI OAKDALE II                          MAGISTRATE JUDGE LEBLANC

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Aldo Rigoberto Guerra-Guevara. Doc. 8. Guerra-Guevara is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

Guerra-Guevara was sentenced in the United States District Court for the Southern District of Texas on March 10, 2021. *See* doc. 8, p. 1. The instant petition challenges the BOP's alleged miscalculation of his First Step Act time credits, improper application of the Deportable Alien Public Safety Factor, and denial of prerelease placement custody. *Id*. at p. 5. Guerra-Guevara concedes that he did not exhaust his administrative remedies arguing exhaustion would be futile due to BOP's blanket policy excluding inmates with final removal orders from earned time credits and community placement. *Id*. at p. 3.

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Application*

#### 1. *Exhaustion*

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with

the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process.

Guerra-Guevara concedes he did not exhaust the claims before this Court. Exceptions to the exhaustion requirement apply only in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*). The petitioner bears the burden of proving futility. *Id*. Guerra-Guevara must give the BOP an opportunity to review his claim before pursuing a § 2241 claim in this Court. However, as discussed below, even if Guerra-Guevara had exhausted his claims, he would not prevail on the merits.

### 2. Merits

Guerra-Guevara contends he is a "lawful permanent resident with no ICE detainer, no removal order." Doc. 8, p. 6. He complains that the BOP has misclassified him as subject to immigration custody and denied earned time credits and community placement. *Id*. He also complains that BOP has subjected him to "unsafe conditions, deliberate indifference to medical needs, COVID exposure, mold, sanitation failures, and retaliatory actions." *Id*. at p. 8.

The Court is unable to make a determination based upon the record before it with respect to Guerra-Guevara's status. However, whether he is subject to an immigration detainer or a final order of removal is of no moment to the issues raised in the petition.

Guerra-Guevara may challenge the delay by the BOP in his placement in a halfway house or other less restrictive place of confinement under § 2241 because it impacts the execution of his sentence. *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing

*Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). But he is entitled to § 2241 relief only to remedy a restraint on his liberty which violates the Constitution, treaties, or laws of the United States. *United States v. Hayman,* 342 U.S. 205, 211-12 & n.11 (1952); *see also Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness") (quotation omitted).

The United States Supreme Court, however, has consistently held a prisoner has no constitutional right to confinement in any particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

Section 3624(c) grants the BOP Director the discretion to place a prisoner in a residential reentry center for up to twelve months. 18 U.S.C. § 3624(c)(1); *see also United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). It further gives the Director the discretion "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). It also directs the BOP to issue new regulations to ensure that placements in community facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. § 3624(c)(6).

A petitioner complaining about a discretionary assignment by the BOP is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

After reviewing Guerra-Guevara's petition and the applicable statutes, the Court finds even if he had exhausted, his claim would fail as the BOP has the exclusive authority and discretion to determine if and when to assign him to a residential reentry center or home confinement. The Court further finds Guerra-Guevara has failed to identify in his petition any restraint on his liberty which violates the Constitution, treaties, or laws of the United States.

Moreover, Guerra-Guevara also raises civil rights complaints regarding the treatment by FCIO staff and the conditions of confinement. Such allegations are improper in a § 2241 action and should instead be brought in an action pursuant to 42 U.S.C. § 1983. Thus, to the extent Guerra-Guevara raises civil rights claims pursuant to § 1983, such claims are subject to dismissal.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all pending motions are **DENIED as MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 20th day of April, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE